**E-FILED**
Tuesday, 26 March, 2013  12:08:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST and SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, <br><br> Plaintiffs, <br><br> v. <br><br> HOMEWORKS CENTRAL INC., <br><br> Defendant and Third Party Plaintiff, <br><br> v. <br><br> TGT ENTERPRISES, INC. a/k/a TRISSEL, GRAHAM & TOOLE, <br><br> Third Party Defendant. | Case No. 4:12-cv-4017-SLD-JAG |

ORDER

Plaintiffs Selective Insurance Company of the Southeast and Selective Insurance Company of South Carolina (together, "Selective") allege that Defendant HomeWorks Central Inc. is currently in breach of two insurance policies—one for workers' compensation insurance and the other for commercial liability insurance. Of relevance here is the workers' compensation policy (hereinafter "the WC policy"), which had an estimated premium of $8,753. After Selective performed an audit, however, the premium was raised to $128,895. HomeWorks has not paid the $120,142 difference despite Selective's demands. Whether the vast difference between the estimated premium and the actual premium is due to Selective depends upon whether certain sole proprietors and independent contractors who opted out of workers'

1

compensation coverage are nonetheless included as employees for the WC policy premium calculations.  HomeWorks alleges that its agent/broker—third-party defendant TGT Enterprises, Inc.—advised it that these disputed employees would be excluded from the WC policy premium calculation.  As such, HomeWorks filed a third-party complaint against TGT alleging that if Selective is successful in its claim against HomeWorks, then TGT is liable to HomeWorks for at least part of the judgment.

Currently before the Court is [#26] TGT's Renewed Motion to Dismiss.[1]  TGT argues that it is not a proper third-party defendant under Rule 14(a).  It further argues that HomeWorks has failed to state a claim upon which relief can be granted.  The Court finds that TGT is a proper third-party defendant but that two of HomeWorks' causes of action must be dismissed and therefore GRANTS-IN-PART and DENIES-IN-PART [#26] TGT's Renewed Motion to Dismiss.[2]

## BACKGROUND

HomeWorks alleges that TGT served as its agent and/or broker when it purchased insurance from Selective for the November 29, 2009 – November 29, 2010 term.  HomeWorks further alleges that it began communicating with TGT regarding workers' compensation and commercial liability insurance policies prior to November 29, 2009.   TGT allegedly "continuously advised" HomeWorks that it would not be required to cover sole proprietors or independent contracts if such individuals opted out of workers' compensation coverage.  HomeWorks alleges that, based on that advice and counsel from TGT, it excluded such

---

[1] TGT previously filed an almost identical Motion to Dismiss [#11], which is now moot in light of its renewed motion.

[2] TGT filed a reply in violation of Local Rule 7.1(B)(3).  TGT was required to first seek leave to file a reply.  Accordingly, TGT's reply was not considered by the Court.

employees when calculating its WC policy premium.  Whether those employees should have been counted is the basis of Selective's case against HomeWorks.

Should HomeWorks be found liable to Selective for the balance of the WC policy premium, HomeWorks claims that TGT is liable to HomeWorks due to its bad advice. HomeWorks raises three counts against TGT based on TGT's allegedly bad advice: Breach of Fiduciary Duty, Negligent Misrepresentation, and Contribution.  TGT moves to dismiss each count for failing to state a claim upon which relief can be granted.  However, prior to analyzing the sufficient of the Complaint, the Court must first address TGT's argument that it is not a proper third-party defendant under Rule 14(a).

## DISCUSSION

### I.    Whether TGT is a Proper Third-Party Defendant

Federal Rule of Civil Procedure 14(a) states in part that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  In order to properly implead a third-party defendant, the plain language of Rule 14 requires that the third-party defendant is or could be liable to the third-party plaintiff (who is usually the defendant).  *See U.S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979).  In this case, that means that HomeWorks (the third-party plaintiff) must allege that TGT (the third-party defendant) is or may be liable to it.  Further, the plain language of Rule 14(a) requires that TGT's liability to HomeWorks be for at least part of Selective's claim against HomeWorks.

The third-party defendant's related liability (for the plaintiff's claim against the third-party plaintiff) is sometimes referred to as derivative liability.  The term "derivative liability" is used to distinguish Rule 14(a)'s joinder requirements from Rule 13's joinder requirements. *Compare* Fed. R. Civ. Pro. 14 *with* Fed. R. Civ. Pro. 13.  Under Rule 13, which governs

counterclaims and crossclaims, courts use a transactional test—does the proposed counter- or crossclaim arise out of the same transaction or occurrence as the underlying claim?  Under Rule 14, however, the mere fact that the alleged third-party claim arose out of the same transaction or occurrence is, by itself, insufficient to implead a third party.  *See U.S. Gen.*, 598 F.2d at 1053.  Instead, the third-party defendant's liability to the third-party plaintiff must derive from the plaintiff's claim against the third-party plaintiff.

TGT advances three theories about why it is an improper third-party defendant.  The first is that Rule 14 requires a third-party defendant to be directly liable to the plaintiff, at least in part, and TGT is not alleged to be directly liable to Selective.  This argument misconstrues Rule 14.  *See Coleman Clinic, Ltd. v. Massachusetts Mut. Life Ins. Co.*, 698 F. Supp. 740, 747 (C.D. Ill. 1988) ("[T]he Defendant does not have a right to implead persons directly liable to Plaintiff.").  Rule 14 requires that TGT be directly liable to HomeWorks, not Selective.

Second, TGT argues that HomeWorks is simply alleging: "It was him, not me."  While it is true that Rule 14 impleader would be inappropriate if TGT were liable instead of HomeWorks, that is not what HomeWorks alleges.  HomeWorks alleges that if it is liable to Selective, it is liable *because* of TGT's bad advice.  In other words, HomeWorks alleges that if it is liable to Selective, then TGT is liable to HomeWorks.  This is significantly different than if HomeWorks alleged it could not be liable to Selective at all.

Finally, TGT argues that it has no direct liability to HomeWorks.  If true, then TGT is not a proper third-party defendant.  But whether HomeWorks has properly alleged that TGT may be liable to HomeWorks is the subject of TGT's contention that HomeWorks has failed to state a claim upon which relief could be granted.  Accordingly, the Court's analysis moves to TGT's arguments pursuant to Rule 12(b)(6).

## II.   TGT's Motion to Dismiss Under Rule 12(b)(6)

### A.  Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) does not resolve the merits of a particular claim, but rather tests only the sufficiency of the allegations set forth in the complaint.  To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The factual allegations in a complaint are accepted as true, but must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  In sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative."  *Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).  In doing so, the facts set forth in the complaint are viewed "in the light most favorable to the nonmoving party."  *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995).  Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law.  *Northern Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009)

(citing *Twombly*, 550 U.S. 544 (2007)) (conclusory allegations are "not entitled to be assumed true").

### B.  Analysis

TGT moves to dismiss each of the three counts that HomeWorks brings against it: Breach of Fiduciary Duty, Negligent Misrepresentation, and Contribution.  First, TGT argues that in order for TGT to be liable to HomeWorks for breaching a fiduciary duty, HomeWorks must plead wrongful retention or misappropriation of funds by TGT, which it did not do.  Second, TGT argues that because the *Moorman* doctrine bars recovery in tort for purely economic loss—all that is alleged here—HomeWork's negligent misrepresentation claim fails.  Finally, TGT argues that HomeWork's contribution cause of action must be dismissed because contribution only applies when a tort is alleged, and here HomeWorks could only be liable to Selective under a contract theory.

### 1.  Breach of Fiduciary Duty

The parties have presented this first issue for the Court as whether 735 ILCS 5/2-2201(b) applies: if it does, then Homework's breach of fiduciary duty count must be dismissed; if it does not, then Homework's breach of fiduciary duty count stands.  Section 2201(b) exempts an insurance producer from civil liability for breach of a fiduciary duty in certain circumstances:

> No cause of action brought by any person or entity against any insurance producer … concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer … to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer….

Therefore, the three requirements that TGT must satisfy to prevail on its argument that Section 2201(b) shields it from liability are: (1) it is an insurance producer; (2) HomeWorks' breach of fiduciary duty cause of action concerns "the sale, placement, procurement, renewal, binding,

cancellation of, or failure to procure any policy of insurance"; and (3) HomeWorks failed to allege wrongful retention or misappropriation.

Because HomeWorks only disputes the second requirement, the only issue before the Court is whether HomeWorks' breach of fiduciary duty cause of action concerns the "sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance." *See* 735 ILCS 5/2-2201(b).

HomeWorks argues that its "breach of fiduciary duty" cause of action is premised on TGT's failure to accurately advise HomeWorks regarding WC policy premiums and therefore does not concern the "sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance." But a finding that this cause of action does not "concern" the sale of an insurance policy would elevate form over substance. HomeWorks' final allegation cuts to the core of its complaint: TGT failed to "**place** HomeWorks' workers' compensation insurance with a carrier or insurer that would recognize and accept the sole proprietor and independent contractor opt-out statement." (*See* HomeWorks' Third Party Compl., at ¶ 17, ECF No. 5 (emphasis added).) HomeWorks attempts to escape Section 2201(b)'s grasp by offering linguistic variations of the same argument, but the heart of HomeWorks' complaint is that TGT caused it to purchase a WC policy from an insurer that did not accept the contested opt-out statements. TGT's bad advice regarding policy cost did not cause some sort of abstract harm— HomeWorks' alleged harm stems directly from the procurement and purchase its WC insurance policy from Selective. So although TGT's alleged bad act was offering inaccurate advice about Selective's WC policy premium cost, HomeWorks' "breach of fiduciary duty" cause of action still "concerns" the sale or placement of an insurance policy. As such, Section 2201(b) precludes

7

HomeWorks from holding TGT liable for breach of fiduciary duty.  Count 1 of HomeWorks'

Third-Party Complaint is therefore dismissed.[3]

While Section 2201(b) exempts an insurance producer from facing liability for breach of

a fiduciary duty in certain circumstances, Section 2201(a) places a duty of ordinary care on

insurance producers.  *See* 735 ILCS 5/2-2201(a).  Having determined that Section 2201(b) bars

HomeWork's breach of fiduciary duty cause of action, the Court will now analyze whether

Section 2201(a) saves its negligent misrepresentation cause of action from the *Moorman*

doctrine.

## 2.   Negligent Misrepresentation

TGT argues that HomeWorks' second count—for negligent misrepresentation—must be

dismissed under the *Moorman* doctrine.  The *Moorman* doctrine, named for the Illinois Supreme

Court opinion that adopted the rule, see *Moorman Manufacturing Company v. National Tank

Company*, 91 Ill. 2d 69 (1982), holds that purely economic losses are generally not recoverable

in tort actions.  In this case, HomeWorks has not alleged any personal injury or property damage

and therefore has solely alleged economic loss.  *See Moorman*, 91 Ill. 2d at 82.  HomeWorks

does not dispute that it seeks recovery in tort (negligent misrepresentation) for economic loss

only.

---

[3] The Court notes that TGT argued that Illinois courts have broadly held that the only situation in
which a breach of fiduciary duty can be asserted against an insurance producer is in cases of
wrongful retention or misappropriation, citing *Melrose Park Sundries, Inc. v. Carlini*, 399 Ill.
App. 3d 915, 921 (2010) and *AYH Holdings, Inc. v. Avreco, Inc.*, 357 Ill. App. 3d 17, 43-44
(2005).  In other words, TGT asks the Court to construe these cases as reading out the
"concerning" language in Section 2201(b).  But TGT stretches both cases too far.  Neither court
was expanding Section 2201(b)'s scope beyond the facts of the dispute before it.  Accordingly,
this Court declines TGT's request to hold that any cause of action for breach of a fiduciary
duty—regardless of what the cause of action concerns—is barred by Section 2201(b) unless
wrongful retention or misappropriate is alleged.  In order for Section 2201(b) to bar a cause of
action for breach of fiduciary duty, the cause of action must concern the "sale, placement,
procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance."

The *Moorman* court, however, articulated three exceptions to the economic loss rule.  *See id.* at 86-89.  The relevant exception for our purposes is that purely economic loss is recoverable in tort where "the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions."  *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 199 (1997) (citing *Moorman*, 91 Ill. 2d at 89).

Both parties focus their briefs on whether TGT is "in the business of supplying information," but the Court finds it useful to take a step back and ask why the Illinois Supreme Court carved out this exception to the *Moorman* doctrine in the first place.  An overview of the jurisprudence regarding this exception is found in *First Midwest Bank, N.A. v. Stewart Title Guarantee Company*, 218 Ill. 2d 326, 337-341 (2006).  There, the Illinois Supreme Court explained that the *Moorman* doctrine attempts to "define the contours of duty."  *Id.* at 339 (quoting *2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.*, 136 Ill. 2d 302, 315 (1990)).  When a duty is defined by contract, the *Moorman* doctrine applies and precludes recovery in tort.  *See id.*  But when a party has an independent duty to prevent the alleged harm, then the negligent misrepresentation exception to the *Moorman* doctrine can apply, allowing recovery in tort.  *See id.* at 340.  Thus, the reason that the negligent misrepresentation exception requires that the offending party be "in the business of supplying information for the guidance of others in their business transactions" is to ensure that liability is only imposed upon an offending party who has undertaken a duty in tort to provide accurate information.  *See Brogan v. Mitchell Int'l*, 181 Ill. 2d 178, 183-84 (1998) (stating that "[i]n order to state a cause of action for negligent misrepresentation, plaintiff's complaint must first allege facts establishing a duty owed by the defendant to communicate accurate information" and explaining that such a

9

duty is owed "where one is in the business of supplying information for the guidance of others in their business transactions"). Conversely, when the information provided is merely ancillary to the sale of a product, the Illinois courts do not impose a duty in tort to ensure the information is accurate. *See First Midwest Bank*, 218 Ill. 2d at 339 (citing *Fireman's Fund Ins. Co. v. SEC Donohue, Inc.*, 176 Ill. 2d 160, 169 (1997)). Rather, the accuracy of information obtained incidental to the sale of a product can be memorialized in contract terms. *See id.*

Accordingly, the question of whether TGT is "in the business of supplying information" is a roundabout way of asking whether TGT owed HomeWorks a duty in tort to communicate accurate information. *See 2314 Lincoln Park West Condominium Ass'n*, 136 Ill. 2d at 315 ("The principle common to those decisions [allowing recovery in tort for economic loss] is that the defendant owes a duty in tort to prevent precisely the type of harm, economic or not, that occurred."). The Illinois state legislature has answered this question in the affirmative, for 735 ILCS 5/2-2201(a) imposed a duty of ordinary care on TGT when it procured insurance for HomeWorks: "An insurance producer … shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured." This statutorily imposed duty of care therefore takes this case outside of the *Moorman* doctrine. *See, e.g., Hartford Cas. Ins. Co. v. Moore*, No. 08-cv-1350, 2010 U.S. Dist. LEXIS 108552, at *21 (C.D. Ill. 2010) ("[T]he economic loss doctrine does not apply when the defendant is also under an extracontractual duty, such as the duty imposed upon an insurance producer pursuant to 735 Ill. Comp. Stat. 5/2-2201(a)."); *Country Mut. Ins. Co. v. Carr*, 366 Ill. App. 3d 758, 768 (2006) ("The *Moorman* doctrine, however, does not apply when a duty arises that is extracontractual.") (vacated on other grounds by *Carr v. Vogelzang (In re Country Mut. Ins. Co.)*, 889 N.E.2d 209

(Ill. 2007)). Because HomeWorks has alleged sufficient facts to plausibly support a negligent misrepresentation claim against TGT, HomeWorks' negligent misrepresentation count stands.[4]

### 3.   Contribution

HomeWorks failed to contest TGT's motion to dismiss the contribution claim and alerted the Court that it consents to the dismissal of its contribution claim against TGT without prejudice. (*See* HomeWorks' Response to Third Party Defendant TGT's Renewed Motion to Dismiss, at 2 n.1, ECF No. 30.) Accordingly, HomeWorks' contribution count is dismissed without prejudice.

### CONCLUSION

TGT's Motion to Dismiss [#11] is MOOT in light of its renewed motion. Regarding [#26] TGT's Renewed Motion to Dismiss, the Court finds that 1) TGT is a proper third-party defendant, 2) TGT's motion to dismiss counts 1 and 3 (breach of fiduciary duty and contribution, respectively) is GRANTED, and 3) TGT's motion to dismiss count 2 (negligent misrepresentation) is DENIED.

Entered this 26th day of March, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

---

[4] As discussed above, this also means that TGT is a proper third-party defendant under Rule 14(a) because HomeWorks has alleged that TGT may be directly liable to HomeWorks (for negligent misrepresentation) if HomeWorks is liable to Selective.